DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joshua C. Leach, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On the morning of July 2, 2004, Officer Jason Tirbovich was traveling westbound on Vanderhoof Road in Franklin Township, Summit County, when he observed a primer gray GMC Jimmy without a front license plate heading eastbound. Officer Tirbovich turned his vehicle around, activated his lights, and began to pursue the Jimmy. The Jimmy started to accelerate, and so the officer initiated his sirens. They proceeded to the traffic light at the intersection of Vanderhoof Road and State Route 93, where the vehicle turned left, going through a red traffic light, heading northbound. Traffic was very heavy at the intersection at that time.
 {¶ 3} The Jimmy proceeded down Route 93, driving in the middle of the roadway. Cars had to veer off the road to avoid getting hit by the vehicle. The Jimmy approached the intersection of Route 93 and Route 619/Turkeyfoot Lake Road, and ran another red traffic light proceeding northbound on Route 93, almost hitting another driver, Joseph DeLauder, who had to drive off the curb and into a ditch to avoid collision. DeLauder later filed a report of this incident with the police.
 {¶ 4} The Jimmy then drove through another red light at the intersection with State Street. Officer Tirbovich followed the Jimmy for approximately another one-quarter mile, and then decided to end the pursuit because it was getting too dangerous; cars were being driven off the roadway by the Jimmy, which was weaving in and out of traffic and at times driving at a speed of 90 miles per hour.
 {¶ 5} Officer Tirbovich recorded the license plate number located on the back plate of the Jimmy. The number was traced back to an address in Akron, Ohio, and specifically that of Mary Wood. Detective Sergeant Michael Korach assumed the investigation and went out to this address, where he was informed by a neighbor that Mary had gone fishing for the day. Detective Korach did not see a gray Jimmy in the immediate vicinity.
 {¶ 6} At that point, Detective Korach received a dispatched phone call from James Lucas, who called in connection with the car chase and gave the detective the home address of the appellant. The information relayed to Detective Korach indicated that the Jimmy belonged to Lucas at one point in time.
 {¶ 7} Detective Korach visited appellant's residence. However, no one answered the door, and the gray Jimmy was nowhere to be seen. Neighbors did confirm that appellant in fact lived at that residence and that he did own a gray Jimmy.
 {¶ 8} Detective Korach spoke to Mary later, who informed him that her son, Terry Wood, was keeping the truck to which the license plate belonged at his apartment complex; she explained that the truck, a Ford 150 pickup, was inoperable and in the process of being dismantled. Detective Korach also spoke to Terry, who explained that the garage in which he stored the truck did not have doors, so anyone could access the interior. Terry also testified at trial that appellant used to live in that apartment complex, and used to park his motorcycle right next to the truck.
 {¶ 9} After obtaining an arrest warrant, the police apprehended appellant and arrested him on July 12, 2004. On July 15, 2004, appellant was charged in the Barberton Municipal Court with one count of failure to comply with order or signal of a police officer, in violation of R.C.2921.331(B)(1), a fourth degree felony; one count of reckless operation, in violation of R.C. 4511.20, a minor misdemeanor; one count of speeding, in violation of R.C. 4511.21(C), a minor misdemeanor; and one count of displaying license plate, in violation of R.C. 4503.21, a minor misdemeanor.
 {¶ 10} On July 23, 2004, the Summit County Grand Jury indicted appellant on one count of failure to comply with order or signal of police officer, in violation of R.C. 2921.331(B)(1), a third degree felony; one count of reckless operation, in violation of R.C. 4511.20, a minor misdemeanor; and one count of speeding, in violation of R.C. 4511.21, a minor misdemeanor. Notice of direct indictment filed in the Summit County Court of Common Pleas was thereafter received by the Barberton Municipal Court, which then dismissed the case in its court. Appellant pled not guilty to the charges as listed in the indictment.
 {¶ 11} The matter proceeded to a jury trial. A jury found appellant guilty of failure to comply, reckless operation, and speeding. The trial court sentenced appellant accordingly. This appeal followed.
 {¶ 12} Appellant timely appealed, asserting four assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court's judgment is against the manifest weight of the evidence and is unsupported by the evidence."
 {¶ 13} In his first assignment of error, appellant challenges his conviction as being against the manifest weight of the evidence and not being supported by sufficient evidence. This Court disagrees.
 {¶ 14} As an initial matter, we observe that sufficiency of the evidence and weight of the evidence are legally distinctive issues. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 15} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 16} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 17} Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) Id.
 {¶ 18} The fact that the driver of the Jimmy failed to comply with the police officer's orders is not at issue; rather, appellant's arguments go primarily to the issue of identity. Both direct and circumstantial evidence may be employed to establish the identity of a perpetrator.State v. Gorgan (Jan. 10, 1990), 9th Dist. No. 1824, at *3, citing Statev. Scott (1965), 3 Ohio App.2d 239, 244-45.
 {¶ 19} Several witnesses identified appellant as the driver of the vehicle. At trial, Officer Tirbovich identified appellant, with certainty, as the driver of the Jimmy. Detective Korach noted during cross-examination by defense counsel that he had received information from a former owner of the Jimmy, Lucas, and also testified that Lucas provided him with appellant's address in connection with the speed chase that occurred earlier that day. Detective Korach also testified during cross-examination that when questioned regarding a "fleeing" incident at the time of his arrest, appellant asked the officers whether they had a vehicle in their possession.
 {¶ 20} In addition, DeLauder testified that he had cause to believe that appellant was the driver. Appellant's ex-girlfriend, Jamie Jessmer, also testified that appellant had told her sometime in early July that he had outrun police officers and went to Guersney County to escape them, in order to avoid another arrest warrant from Wayne County in an unrelated incident. Jessmer's testimony was corroborated by the fact that appellant was lured from Guersney County and arrested during this investigation. Finally, Terry testified that appellant had access to the license plate stolen from his mother's vehicle, which had been affixed to the chased vehicle.
 {¶ 21} From all of this testimony, the jury as the finder of fact was entitled to find that appellant was the driver of the chased vehicle. SeeState v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. See, also, Morgan, at *3; Scott, 3 Ohio App.2d at 244-45. Therefore, we cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it convicted appellant. See Otten,33 Ohio App.3d at 340. Therefore, we find that appellant's conviction is not against the manifest weight of the evidence.
 {¶ 22} Having found that appellant's conviction in not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the conviction. See Roberts.
 {¶ 23} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court improperly applied R.C. 2929.14(B) and, as a result, exceeded the mandatory minimum sentencing."
 {¶ 24} In his second assignment of error, appellant asserts that the trial court improperly sentenced him. Specifically, appellant complains that the circumstances in this case do not support the imposition of a non-minimum prison term on his failure to comply charge.
 {¶ 25} An appellant has the duty to provide a reviewing court with the portions of the record necessary to support his assignment of error. Statev. Johnson, 9th Dist. No. 02CA008193, 2003-Ohio-6814, at ¶ 8; App.R. 9(B). When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court. Id. at ¶ 9.
 {¶ 26} The docketing statement in this case indicates that the record on appeal would include a full or partial transcript of proceedings. However, the record on appeal does not contain a transcript of the sentencing hearing; nor does it contain an App.R. 9(C) statement. SeeJohnson at ¶ 10. As appellant has failed to provide this Court with the relevant portions of the record to review the trial court's imposition of the sentence, we must presume the regularity of the trial court proceedings and affirm the sentence. See id.
 {¶ 27} Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The direct indictment procedure followed by the state deprived the appellant of due process of law and his right to equal protection pursuant to the united states constitution and the constitution of the state of ohio and in violation of criminal rule 5 and O.R.C. 2945.73(A)."
 {¶ 28} In his fourth assignment of error, appellant contends that the direct indictment entered by the Summit County Grand Jury should have been dismissed, asserting that the direct indictment program effectively deprived appellant of a preliminary hearing on the charges and thus violated his rights to due process of law and equal protection under the United States and Ohio Constitutions.
 {¶ 29} We observe that appellant failed to file a motion to dismiss the charges against him. This Court has previously concluded, "while Crim.R. 5(B) and R.C. 2945.73 prescribe that a preliminary hearing shall be held within a designated time period, the failure to provide a preliminary hearing within the specified time periods does not automatically entitle a defendant to a dismissal of the charges against him." State v. Zaffino, 9th Dist. No. 21514, 2003-Ohio-7202, at ¶ 9. A defendant must take affirmative action, by moving to dismiss the charges against him for failure to hold a timely preliminary hearing "`at the level where something can be done about it before a grand jury returns an indictment.'" Zaffino at ¶ 11, quoting State v. Whipple (Jan. 2, 1983), 1st Dist. No. C-820206.
 {¶ 30} If an indictment is handed down before a defendant timely and properly takes such action to secure a dismissal, the right to a preliminary hearing is extinguished. Zaffino at ¶ 12, citing State v.Wood (1976), 48 Ohio App.2d 339, 342. Furthermore, we note that no rights or defenses are lost for failure to hold a preliminary hearing. Id., citing State v. Azcuy (May 26, 1994), 10th Dist. No. 88AP-529 andWhite v. Maxwell (1963), 174 Ohio St. 186, 188.
 {¶ 31} Therefore, we find that appellant was properly indicted by the grand jury before any steps were taken by him to secure a dismissal of the charges against him. Consequently, his right to a preliminary hearing was extinguished. See Zaffino at ¶ 17.
 {¶ 32} Accordingly, appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The appellant's conviction must be overturned in that he was not provided with competent trial counsel."
 {¶ 33} In his third assignment of error, appellant contends that he was denied effective assistance of counsel, asserting that his trial counsel failed to properly cross-examine two witnesses, and that counsel failed to file a motion to dismiss the charges based on the court's failure to provide him with a preliminary hearing. Appellant's assertions lack merit.
 {¶ 34} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. See McMann v. Richardson
(1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 35} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v. DeNardis (Dec. 29, 1993), 9th Dist. No. 2245.
 {¶ 36} The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 37} With respect to trial counsel's cross-examination, we observe that trial counsel's decision to cross-examine and the extent of the examination are matters of trial strategy. State v. Likosar, 9th Dist. No. 03CA0063-M, 2004-Ohio-114, at ¶ 26, citing State v. Flors (1987),38 Ohio App.3d 133, 139. Therefore, decisions regarding cross-examination are within counsel's discretion, and cannot form the basis for an ineffective assistance of counsel claim. Id. Thus, we cannot conclude that appellant's trial counsel was ineffective on this basis. See id.
 {¶ 38} Next, appellant asserts that his counsel was ineffective for not filing a motion to dismiss the indictment based on the failure to provide appellant with a preliminary hearing. First, we note that appellant fails to provide this Court with any applicable legal authority to support his assertions. An appellant bears the burden of affirmatively demonstrating error on appeal, which includes providing citations to applicable authorities in support of arguments presented. App.R. 16(A)(7); Loc.R. 7(A)(7).
 {¶ 39} Second, appellant has failed to demonstrate that there would have been a reasonable probability, that, had his counsel filed a motion to dismiss the charges, the charges would have in fact been dismissed. See Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Appellant was arrested on July 12, 2004, and he did not make bond. The first day that appellant could have filed a motion to dismiss the charges for failure to hold a preliminary hearing, pursuant to R.C. 2945.71(C)(1) and Crim.R. 5(B), would have been ten days after his arrest, or on July 22, 2004. Appellant was then indicted on July 23, 2004, one day after this motion could have been filed. It does not appear reasonably likely that a motion to dismiss filed by appellant, after providing time for a response to the motion, would have been ruled on before the filing of the indictment. Furthermore, the purpose of a preliminary hearing is fulfilled once an indictment is returned. See State v. Tipler (Feb. 16, 2000), 9th Dist. No. 19344.
 {¶ 40} Thus, we fail to see how appellant was prejudiced by his counsel's failure to file a motion to dismiss the charges for failing to hold a preliminary hearing. Appellant's third assignment of error is overruled.
 III. {¶ 41} Appellant's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J., concur.