COURIE, Appellant,

v.

ALCOA et al., Appellees.

[Cite as *Courie v. ALCOA,* 162 Ohio App.3d 133, 2005-Ohio-3483.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85285.

Decided July 7, 2005.

134

Howard V. Mishler, for appellant.

Frantz Ward, L.L.P., and Brian J. Kelly, for appellees.

---

ANN DYKE, Presiding Judge.

{¶ 1} Plaintiff-appellant, Charles Courie, appeals from the order of the trial court that entered summary judgment for defendants-appellees ALCOA, ALCOA Wheel & Forged Products, and Sean Mee. For the reasons set forth below, we affirm.

{¶ 2} On August 21, 2003, plaintiff filed a complaint against defendants in which he asserted that defendants "reversely discriminated" against him and

created a hostile work environment. Additionally, plaintiff alleged that defendant Sean Mee intentionally inflicted emotional distress upon him and intentionally interfered with his employment. Defendants filed a motion to dismiss all of plaintiff's claims, which the trial court converted into a motion for summary judgment.

{¶ 3} The undisputed facts are that on May 16, 2003, defendant Sean Mee, human resource supervisor for the ALCOA Cleveland Works facility, questioned plaintiff, a current employee of ALCOA who works as a die storage attendant in the Works Engineering Department, regarding a written racial epithet that was found on a cafeteria table where African–American employees ate their lunch. During this interview, plaintiff was unable to recall a Jewish co-worker's last name and instead stated that for years all employees referred to that co-worker, Dennis Lebowitz, as "Jew boy." On May 30, 2003, Mee issued a written warning to plaintiff that he was being disciplined based on his use of the racially offensive nickname. Plaintiff alleges that Mee did not discipline any of the other employees who regularly used the racially offensive nickname and that because of this warning, his co-workers now wrongly accuse him of being a racist.

{¶ 4} On August 21, 2003, plaintiff filed this action against defendants. The case was removed to federal court, where defendants filed a motion to dismiss. Plaintiff moved for remand and later moved for leave to file an amended complaint. On December 23, 2003, the district court remanded the case to state court. On March 10, 2004, plaintiff filed an amended complaint in state court.

{¶ 5} On April 6, 2004, defendants filed a motion to dismiss, which the trial court later converted into a motion for summary judgment. On August 17, 2004, the trial court granted defendants' motion for summary judgment as to all of plaintiff's claims. It is from this decision that plaintiff now appeals and raises six assignments of error for our review. We will address Assignments of Error I through VI together, as they all address the trial court's grant of summary judgment.

{¶ 6} "I. The trial court erred in not finding that Defendants–Appellees ALCOA and/or ALCOA Wheel & Forged Products reversely discriminated against the Plaintiff–Appellant in conditions and privileges of employment, including but not limited to discipline.

{¶ 7} "II. The trial court erred in not finding Defendant Sean Mee personally liable as a Supervisor for discriminating and harassing the Plaintiff–Appellant in violation of Ohio Revised Code 4112.02.

{¶ 8} "III. The trial court erred in not finding that Defendants–Appellees ALCOA and/or ALCOA Wheel & Forged Products by permitting Defendant Sean

Mee to single him out for discipline for antecedent behavior created a hostile work environment for the Plaintiff–Appellant.

{¶ 9} "IV. The trial court erred in not giving sufficient weight to the affidavits of Plaintiff–Appellant to contradict several assertions of the Defendants–Appellees which should have precluded the granting of summary judgment to Defendants–Appellees.

{¶ 10} "V. The trial court erred in granting Defendant–Appellee Sean Mee summary judgment as to intentional infliction of mental distress as his acts and/or conduct towards Plaintiff–Appellant were egregious taking all facts and circumstances into consideration, including but not limited to the fact that the environment at Defendants–Appellees ALCOA and/or ALCOA Wheel & Forged Products was poly-ethnic populated, which resulted in a hostile work environment as Plaintiff–Appellant was stigmatized as a racist and bigot.

{¶ 11} "VI. The trial court erred in granting Defendant–Appellee Sean Mee's Motion for Summary Judgment as to intentional interference with employment due to the fact that he acted without the scope of authority and with a specific animus towards the Plaintiff–Appellant as other white employees, including Union personnel, admitted that Dennis Lebowitz's nickname for over twenty (20) years was 'Jew Boy.' "

{¶ 12} In these assignments of error, plaintiff claims that the trial court erred in granting summary judgment in favor of defendants because genuine issues of material fact existed concerning his claims for reverse race discrimination, hostile work environment, intentional infliction of emotional distress, and intentional interference with employment. Additionally, plaintiff alleges that the trial court failed to give sufficient weight to affidavits submitted by plaintiff.

{¶ 13} With regard to procedure, we note that we employ a de novo review in determining whether summary judgment was properly granted. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.

{¶ 14} Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Dussell v. Lakewood Police Dept.*, 99 Ohio St.3d 299, 2003-Ohio-3652, 791 N.E.2d 456, ¶ 6, citing *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 191, 672 N.E.2d 654; see, also, Civ.R. 56(C).

{¶ 15} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

{¶ 16} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in defendants' favor was appropriate.

{¶ 17} Pursuant to App.R. 12(A)(2) and 16(A)(7), we may disregard an assignment of error "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). In this instance, plaintiff failed to make the necessary identifications and arguments in his first, second, and third assignments of error. Therefore, we are not required to address them. Nevertheless, in the interests in fulfilling our appellate function, we find all three assignments of error to be without merit.

{¶ 18} In plaintiff's first and second assignments of error, he asserts that the trial court erred in not finding that defendants ALCOA and/or ALCOA Wheel & Forged Products and defendant Sean Mee, in his personal capacity, engaged in reverse discrimination against him.

{¶ 19} R.C. 4112.02(A) provides, "It shall be unlawful discriminatory practice [for] any employer, because of race, color, religion, sex, national origin, handicap, age, or ancestry of any person to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." R.C. Chapter 4112 is Ohio's counterpart to Section 2000e, Title 42, U.S.Code. Therefore, federal authority is applicable to cases alleging violations of R.C. Chapter 4112. See *Genaro v. Cent. Transport, Inc.* (1999), 84 Ohio St.3d 293, 295, 703 N.E.2d 782; *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 421 N.E.2d 128.

{¶ 20} To establish a prima facie case of reverse race discrimination, the plaintiff must show (1) background circumstances supporting the inference that plaintiff's employer was the unusual employer who discriminated against nonminority employees, (2) that plaintiff was discharged (or that the employer

took an action adverse to the plaintiff's employment), (3) that plaintiff was qualified for the position, and (4) that plaintiff was treated disparately from similarly situated minority employees. *Grooms v. Supporting Council of Preventative Effort,* 157 Ohio App.3d 55, 2004-Ohio-2034, 809 N.E.2d 42, ¶ 20. Once the plaintiff establishes a prima facie case of discrimination, the employer may rebut the presumption by showing a legitimate, nondiscriminatory reason for the discharge. *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439. Finally, the plaintiff must have the opportunity to establish that the employer's proffered reason was a mere pretext for unlawful discrimination. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752.

{¶ 21} Plaintiff presented his own affidavit and the affidavits of Jimmie Spates, Bernard Jackson, and John Rossi, which stated that employees of all races at ALCOA referred to Dennis Lebowitz by the racially offensive nickname. Yet, no other employee of any race in the plaintiff's department was disciplined for using the racially offensive nickname. Accordingly, plaintiff's affidavits demonstrate only that he was singled out from *all* employees of his department, not that he was singled out from employees of other races. Thus, plaintiff is unable to establish that he was treated differently based on his race. For this reason, plaintiff is unable to establish a prima facie case of reverse race discrimination.

{¶ 22} With regard to defendant Sean Mee, we agree with plaintiff's assertion that the law allows a supervisor to be held individually liable for discrimination. However, in the instant action, Mee cannot be found individually liable for discrimination for the same reason that defendants ALCOA and ALCOA Wheel & Forge cannot: plaintiff is unable to establish that he was treated disparately from similarly situated minority employees. For this reason, the trial court properly granted all defendants summary judgment as to plaintiff's claim of reverse race discrimination.

{¶ 23} In plaintiff's second and third assignments of error, he asserts that the trial court erred in not finding that defendants ALCOA and/or ALCOA Wheel & Forged Products and defendant Sean Mee, in his personal capacity, created a hostile work environment for him.

{¶ 24} "To establish a claim brought under R.C. Chapter 4112 against an employer for hostile work environment created by sexual or racial harassment, a plaintiff must establish: (1) that the employee was a member of the protected class; (2) that the employee was subjected to unwelcome harassment; (3) that the harassment complained of was based upon sex or race; (4) that the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability." *Bell v. Cuyahoga*

*Comm. College* (1998), 129 Ohio App.3d 461, 466, 717 N.E.2d 1189, citing *Harris v. Forklift Sys., Inc.* (1993), 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295.

{¶ 25} As with the claim for discrimination, plaintiff has failed to show that he was harassed based on his race. Accordingly, plaintiff is unable to demonstrate that defendants created a hostile work environment. Thus, plaintiff's second and third assignments of error are without merit.

{¶ 26} In his fourth assignment of error, plaintiff maintains that the trial court erred in not giving sufficient weight to his affidavits to contradict several assertions of the defendants, which should have precluded the granting of defendants' summary judgment.

{¶ 27} We find that the trial court gave sufficient weight to the affidavits of the plaintiff, Jimmie Spates, Bernard Jackson, and John Rossi. In its decision granting defendants' motion for summary judgment, the trial court referred to statements made in the affidavits: "Although Courie alleges that all of his co-workers—minority and non-minority alike—referred to Lebowitz as 'Jew-boy' but only he was disciplined, Courie has not shown that he was treated differently than similarly situated, non-protected employees." The court also stated: "While Courie has submitted affidavits from other co-workers who admit to using the same language, Mee only heard the improper comment directly from Courie." Despite plaintiff's contention, the affidavits support the conclusion that summary judgment was appropriate. For this reason, plaintiff's fourth assignment of error is without merit.

{¶ 28} In his fifth assignment of error, plaintiff asserts that the trial court erred in granting defendant Sean Mee summary judgment as to plaintiff's claim of intentional infliction of mental distress.

{¶ 29} To establish a claim of intentional infliction of emotional distress, plaintiff must demonstrate (1) that defendant Mee either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to plaintiff, (2) that Mee's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that Mee's actions were the proximate cause of plaintiff's psychic injury, and (4) that the mental anguish plaintiff suffered is serious and of a nature that no reasonable person could be expected to endure it. *Burkes v. Stidham* (1995), 107 Ohio App.3d 363, 375, 668 N.E.2d 982.

{¶ 30} In Ohio, to recover for intentional infliction of emotional distress, "[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of

aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Yeager v. Loc. Union 20* (1983), 6 Ohio St.3d 369, 374–375, 6 OBR 421, 453 N.E.2d 666.

{¶ 31} In *Hamrick v. Wellman Prod. Group,* Medina App. No. 03CA0146–M, 2004-Ohio-5170, 2004 WL 2243168, the court found that the defendant did not intend to cause emotional distress, nor did defendant's actions in responding to allegations of discrimination constitute extreme and outrageous conduct. In that case, the defendant had a legal obligation to investigate and, if necessary, take prompt action against any sexually harassing behavior found in the workplace. The court reasoned: " '[W]here an employer knows or has reason to know that one of his employees is * * * harassing other employees, he may not sit idly by and do nothing.' " Id., quoting *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 493, 575 N.E.2d 428. The court further explained that had the defendant failed to react to the allegations of sexual harassment, not only would his company, but he himself, would have been subject to potential liability for failure to take corrective measures. Id.

{¶ 32} As in *Hamrick,* in the instant matter, defendant Mee, as human resource supervisor, was presented with a situation in which he appropriately believed that a reprimand was necessary. In other words, Mee had a legal obligation to warn the plaintiff that calling a co-worker a racially offensive name would not be tolerated at the company. We find that Mee's actions in reprimanding the plaintiff were not extreme and outrageous. In fact, like the defendant in *Hamrick,* had Mee not reprimanded the plaintiff for his actions, Mee, as well as defendants ALCOA and/or ALCOA Wheel & Forged Products, may have been subject to liability for failure to act. Consequently, we do not find that plaintiff has demonstrated a necessary element to support his intentional infliction of emotional distress cause of action. Therefore, the trial court properly granted Mee's motion for summary judgment. Accordingly, plaintiff's fifth assignment of error is without merit.

{¶ 33} In his sixth assignment or error, plaintiff contends that the trial court erred in granting Mee summary judgment as to plaintiff's claim of intentional interference with employment.

{¶ 34} "The general rule in Ohio is that an employee earning a living has a right to pursue such employment free from unwarranted interference by third persons, and that one who maliciously or wantonly procures the discharge

of an employee is liable to the employee in an action for damages." *Contadino v. Tilow* (1990), 68 Ohio App.3d 463, 467, 589 N.E.2d 48, citing *Lancaster v. Hamburger* (1904), 70 Ohio St. 156, 71 N.E. 289; *Dannerberg v. Ashley* (1899), 5 Ohio C.D. 40, 10 Ohio C.C. 558.

{¶ 35} "However, the right of noninterference in an employment relationship is limited. There are those whose position vis-a-vis the employee and the employer entitles them to intrude upon the employment relationship." *Contadino*, 68 Ohio App.3d at 467. See, e.g., *Pearse v. McDonald's Sys. of Ohio, Inc.* (1975), 47 Ohio App.2d 20, 1 O.O.3d 164, 351 N.E.2d 788. In *Daup v. Tower Cellular, Inc.* (2000), 136 Ohio App.3d 555, 568, 737 N.E.2d 128, the court stated that "while actions for intentional interference with an employment contract are cognizable against 'outsiders' to the employment relationship, Ohio courts have been reluctant to recognize actions by employees against their supervisor made within the scope of the defendant's duties." See, e.g., *Rayel v. Wackenhut Corp.* (June 8, 1995), Cuyahoga App. No. 67459, 1995 WL 350077 ("this court has unequivocally stated that, 'a supervisor of an employee cannot be held liable for tortious interference with contract.' * * * As such, appellant's claim involves a suit by a subordinate employee against a supervisor. Under the law of this district, no such action can lie"). Further, "Ohio courts have approved * * * 'the well-recognized privilege of officers, directors, officers, and creditors to interfere with contracts in the furtherance of their legitimate business interests * * *.' *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.* (C.A.6, 1988), 862 F.2d 597, 601." *Daup v. Tower Cellular, Inc.*, 136 Ohio App.3d at 568, 737 N.E.2d 128.

{¶ 36} In the instant matter, defendant Mee is the human resource supervisor of ALCOA and/or ALCOA Wheel & Forged Products. As such, Mee was not a third party or outsider to plaintiff's employment with the company. Instead, he acted within the scope of his duties as supervisor. Accordingly, Mee should not be held liable for tortious interference with plaintiff's employment.

{¶ 37} Nevertheless, in an attempt to circumvent this rule, plaintiff asserts that Mee acted outside the scope of his employment because Mee's motive in reprimanding the plaintiff was self-centered. However, plaintiff's contention is misplaced in both law and fact. " 'Malice makes a bad case worse, but does not make wrong that which is lawful.' " *Anderson v. Minter* (1972), 32 Ohio St.2d 207, 213, 61 O.O.2d 447, 291 N.E.2d 457, quoting *Johnson v. Aetna Life Ins. Co.* (1914), 158 Wis. 56, 147 N.W. 32. See, also, *Fawcett v. G.C. Murphy & Co.* (1976), 46 Ohio St.2d 245, 75 O.O.2d 291, 348 N.E.2d 144. Mee's supervisory position with the company entitles him to interfere. Defendant Mee had a duty to enforce the policies of ALCOA and/or ALCOA Wheel & Forged Products and protect the company against possible legal liability. Accordingly, Mee acted within the scope of his duties when he reprimanded the plaintiff for calling a co-

worker a racially offensive name. For this reason, we affirm the trial court's decision to grant Mee summary judgment as to plaintiff's claim of intentional interference with employment.

Judgment affirmed.

KILBANE, J., concurs.

COONEY, J., concurs in judgment only.