DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joseph Tornichio, appeals the judgment of the Summit County Court of Common Pleas denying his objections to the garnishment of his property under a properly obtained judgment lien. We affirm the decision of the trial court.
 {¶ 2} The State of Ohio Department of Taxation performed an audit on Appellant's 2001 income tax return and determined that Appellant was liable for taxes owed from 2001. Pursuant to R.C. 5747.13, the Summit County Clerk of Court entered judgment in favor of Appellee, the State of Ohio Department of Taxation, and against Appellant in the amount of $144.77, on December 9, 2004.
 {¶ 3} On January 24, 2005, pursuant to the authority of R.C. 2716.11, counsel for Appellee filed a Motion, Affidavit, Order and Notice of Garnishment of Property Other Than Person Earnings with the Clerk of Courts in which Bank One was named as the Garnishee. In response to the notice of garnishment, Bank One remitted funds in the amount of $2.99.
 {¶ 4} Upon receiving notice of the garnishment, Appellant filed a request for a hearing on January 31, 2005. The trial court conducted a hearing on February 22, 2005. By journal entry dated February 24, 2005, the trial court denied Appellant's objections to the garnishment, noting that "[u]pon the evidence presented, no good cause was shown not to attach by garnishment the accounts of [Appellant.]"
 {¶ 5} Appellant now appeals, asserting seven assignments of error for our review. We will address all of the assignments of error together.
 ASSIGNMENT OF ERROR I
"The Ohio Tax Commissioner who charged me with "Failure to Comply to pay a tax" using the standard (Bill?), (assessment) citation, held me under a condition of servitude and slavery while he did willfully fail to comply with Procedures, Rules and requirements when he is confronting and American Citizen who is a Private Party. This is a Liberty violation, the taking of property without due process of law. Also a substantive due process violation, in violation of the Ohio Revised Codes to wit: Sections 2935.03, 2935.04, 2935.05, and 2935.08, including the violations of the 5th
And 6th Amendments to the United States Constitution." (Emphasis omitted).
 ASSIGNMENT OF ERROR II
"The Ohio Tax Commissioner willfully issued this appellant a citation, (assessment), knowing full well that assessments do not have any lawful authority for the taking of a taxpayers monies through hearsay evidence by a third party (IRS) when there is no evidence of a tax Liability." (Emphasis omitted).
 ASSIGNMENT OF ERROR III
"There is no evidence of a proper complaint ever being filed with the Clerk of Courts. In the case of In re Therklldson, (sic) 376 N.E. 970, the court said after the defendant was taken into custody under the rule that substantive procedures were required to charge the assumed taxpayer with an offense by affidavit and then a complaint, ORC 2935.03, .04, .05, and .08. The assumed taxpayer was held accountable for an unproven debt, and made a mockery of in open court. The court further said that rules are procedural and cannot violate any substantive right. And, in quoting Art. 4 Section 5(B) of the Ohio Constitution. There must be a proper affidavit and complaint by the injured party." (Emphasis omitted).
 ASSIGNMENT OF ERROR IV
"There is no evidence of an affidavit charging an offense of failure to pay an alleged sum, and there is no evidence of a fault or default to pay by proof of liability to pay a tax." (Emphasis omitted).
 ASSIGNMENT OF ERROR V
"The Ohio Attorney General's assistant prosecutor, acting wholly without proper jurisdiction and authority has proceeded and continued this action against this Private party in total violation of this Private Party's Rights and in total violation of this same Prosecutors Rules, Regulations and Procedures."
 ASSIGNMENT OF ERROR VI
"The Ohio Attorney General's Office has continued this action against this appellant based upon hearsay opinions from the Department of Taxation of Ohio and the Agents from the Internal Revenue Service, knowing full well that these same Bureaus are staffed by numerous parties unable to correctly articulate, and that all of their submitted information's are rebuttable hearsay evidence, and in conflict with the Rule of Law, by operation of Law."
 ASSIGNMENT OF ERROR VII
"Reference was made to ORC § 57 after another section Of the ORC § 2329.66, which was not stated in open Court." (Emphasis omitted).
 {¶ 6} While Appellant is obviously displeased with the outcome of his case below, he does not assert in his Appellate brief any way in which the trial court erred. Pursuant to App. R. 16, an Appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App. R. 16(A)(3).
 {¶ 7} An appellant "bears the burden of affirmatively demonstrating error [of the lower court] on appeal." State v. Leach, 9th Dist. No. 22369, 2005-Ohio-2569, at ¶ 38; State v. Tanner, 9th Dist. No. 04CA0062-M, 2005-Ohio-998, at ¶ 24. App. R. 12 requires that an appellate court determine the merits of an appeal on the assignments of error which should designate the specific rulings that the appellant challenges.North Coast Cookies, Inc. v. Sweet Temptations, Inc. (1984),16 Ohio App.3d 342. In the instant case, Appellant has not challenged any specific portion of the lower court's ruling.
 {¶ 8} Appellant neither states in his brief that the trial court erred, nor provides any legal support for any argument relating to an error of the trial court. Thus, Appellant clearly did not follow the requirements of App. R. 16(A). Henry v. Gastaldo, 5th Dist. No. 2005AP03022, 2005-Ohio-4109, at ¶ 3. Pursuant to App. R. 12(B)(2) and 16(A)(7), an Appellate Court "may disregard an assignment of error `if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A).'" Courie v.ALCOA, 8th Dist. No. 85285, 2005-Ohio-3483, at ¶ 17. In the case at hand, Appellant has failed to make the necessary identifications and arguments, and thus, we are not required to address them. Id. However, "in the interests in fulfilling our appellate function" we find that all seven of Appellant's assignments of error are without merit. Id.
 {¶ 9} As Appellant has not argued in any way how the trial court committed an error in denying his objections to the garnishment, we affirm the decision of the trial court and overrule all seven of Appellant's assignments of error.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., concur.