DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Louise King, appeals from the decision of the Summit County Court of Common Pleas, which upheld an administrative appeal decision of the Appellee, Ohio Department of Job and Family Services ("ODJFS"), which found that Appellant's creation of a four-year annuity with a balloon payment constituted an improper transfer of resources. We affirm.
 {¶ 2} Appellant, a 94-year-old woman, has resided in a nursing home since July 2003. On May 3, 2004, Appellant purchased a balloon annuity for $257,220.38, which pays her $191.49 per month. If Appellant lives until March 3, 2008, she will receive a balloon payment of $256,951.87. If she does not live until this date, her nephew and power of attorney, Garth Kennedy, will receive $257,220.38 as the beneficiary. Appellant may not spend, withdraw or access any of the $257,220.38 until the term of the annuity expires.
 {¶ 3} Appellant applied for Medicaid seven days after purchasing the annuity. Summit County Department of Job and Family Services denied Appellant's application for a long-term care facility vendor payment on the basis that she had improperly transferred her resources. The hearing officer found that Appellant failed to provide clear and convincing medical evidence that she would live past the balloon payment date. Appellant requested a state hearing and appealed this decision to ODJFS, which upheld the county agency's decision.
 {¶ 4} Appellant appealed, asserting three assignments of error for our review. For ease of discussion, we will address all three assignments of error together.
 ASSIGNMENT OF ERROR I
"Appellant [has] been denied Medicaid benefits due to Appellee's improper interpretation of Ohio [l]aw."
 ASSIGNMENT OF ERROR II
"Appellee's improper interpretation of Ohio [l]aw denies Appellant's right to equal protection."
 ASSIGNMENT OF ERROR III
"Appellee's improper interpretation of Ohio [l]aw creates an unreasonable and impossible burden on Appellant and improperly narrows the intent and scope of OAC 5101:1-39.22.8(E). Once Appellant fulfills her burden of production regarding life expectancy presumption, the burden shifts to ODJFS who, in this case, produced no evidence."
 {¶ 5} In her assignments of error, Appellant asserts that ODJFS has improperly interpreted Ohio law, which has resulted in an equal protection violation, and imposed an "impossible burden" on Appellant after she had provided proof of life expectancy in accordance with O.A.C. 5101:1-39-22.8. We find Appellant's three assignments of error to be without merit.
 {¶ 6} Pursuant to App. R. 16, an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."
 {¶ 7} An appellant "bears the burden of affirmatively demonstrating error [of the lower court] on appeal." Ohio Dept. Of Taxation v.Tornichio, 9th Dist. No. 22592, 2005-Ohio-4800, at ¶ 7, quoting Statev. Leach, 9th Dist. No. 22369, 2005-Ohio-2569, at ¶ 38. App. R. 12 requires that an appellate court determine the merits of an appeal on the assignments of error which should designate the specific rulings that the appellant challenges. North Coast Cookies, Inc. v. Sweet Temptations,Inc. (1984), 16 Ohio App.3d 342, at 343. In the instant case, Appellant has not challenged any specific portion of the lower court's ruling.
 {¶ 8} Appellant neither states in her brief that the trial court erred, nor provides any legal support for any argument relating to an error of the trial court. Thus, Appellant clearly did not follow the requirements of App. R. 16(A). Henry v. Gastaldo, 5th Dist. No. 2005AP03022, 2005-Ohio-4109, at ¶ 3. Pursuant to App. R. 12(B)(2) and 16(A)(7), an Appellate Court "may disregard an assignment of error `if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A).'" Courie v.ALCOA, 8th Dist. No. 85285, 2005-Ohio-3483, at ¶ 17. In the case at hand, although Appellant has argued three separate assignments of error, she has failed to make the necessary identifications and arguments regarding the trial court's errors, and thus, we are not required to address them.
 {¶ 9} Furthermore, in her second assignment of error, Appellant also raises an argument that was not presented before the state agency hearing, the administrative appeal, or the trial court. "Issues not raised and tried in the trial court cannot be raise for the first time on appeal." Holman v. Grandview Hosp. Med. Ctr. (1987),37 Ohio App.3d 151, 157. Defendant's failure to raise this issue before the trial court operates as a waiver of his right to assert it for the first time on appeal. Hypabyssal, Ltd. v. Akron Hous. Appeals Bd.
(Nov. 22, 2000), 9th Dist. No. 20000, at 5, citing State ex rel. Zollnerv. Indus. Comm. (1993), 66 Ohio St.3d 276, 278. See App. R. 12(A)(2) and App. R. 16(A)(7). However, "in the interests in fulfilling our appellate function," we find that all three of Appellant's assignments of error are without merit. Courie, at ¶ 17.
 {¶ 10} We overrule all three of Appellant's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., concur