DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jimmie Sue White ("White"), pro se, appeals from the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of Appellee, Spitzer Motors of Elyria, Inc. ("Spitzer"). We affirm.
 {¶ 2} On July 21, 2004, White filed a three-paragraph complaint against Spitzer and two Spitzer employees, alleging that while she was on the premises of the car dealership in July 2002, she suffered physical injury and emotional distress because of Spitzer's negligence. After serving White with interrogatories, requests for admissions and requests for the production of documents on August 26, 2004, and receiving no response from White, Spitzer filed a motion for summary judgment on October 20, 2004.
 {¶ 3} White filed a pro se brief in opposition to Spitzer's motion for summary judgment on November 15, 2004, in which she stated, in entirety, "Plaintiff's complaint clearly shows a legal claim for relief and she has answered all demands for discovery all as per the affadavit (sic) enclosed." White attached an affidavit to her brief in opposition which stated "Defendants made not formal court request for discovery" and "the facts stated in Plaintiff's complaint are true as she verily believes and they state a claim for relief." White also filed her answers to Spitzer's interrogatories and requests for admissions on November 15, 2004, well past the 28-day time frame as dictated by Civ.R. 33, 34 and 36.
 {¶ 4} In a final appealable order, the trial court granted Spitzer's motion for summary judgment on December 1, 2004, and stated there were no genuine issues of material fact in dispute.
 {¶ 5} White subsequently filed her notice of appeal on December 22, 2004, asserting two assignments of error. For ease of discussion, we will consider both assignments of error together.
 ASSIGNMENT OF ERROR I
"The Common Pleas Court of Lorain County, OH, failed to mandate the [A]ppellant's signature on a document verifying the number of days she had to file a response in regards to the [A]ppellees' interrogatories."
 ASSIGNMENT OF ERROR II
"The Common Pleas Court of Lorain, OH, committed reversible error when it failed to consider the extent to which the [A]ppellant suffered emotional and psychological trauma as a result to negligence committed by the [Appellees] Jeffie E. White, Ray Youngless, (John Doe) and Spitzer Motors of Elyria[.]"
 {¶ 6} In her two assignments of error, White argues that the trial court erred because it did not order her signature to be on a document indicating she was aware of how many days she had to respond to Spitzer's request for discovery. She also argues that the trial court erred when it failed to consider the emotional distress she suffered as a result of Spitzer's alleged negligence. We disagree.
 {¶ 7} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C);Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 8} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 9} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 10} Considering the foregoing legal standard, this Court cannot conclude that the trial court erred when it granted Spitzer's motion for summary judgment. White failed to respond to Spitzer's discovery request within the proscribed 28-day period, which was clearly stated in the "Definitions and Instructions" section, and therefore the matter is admitted. See, Civ.R. 36(A). Additionally, this Court can find no evidence in the record that gives any credibility to White's allegations, and thus we cannot determine that a genuine issue of material fact still exists. While this Court is mindful of her concerns, we find that White has not made a prima facie case and has not provided any evidence in support of her claims.
 {¶ 11} Furthermore, White's appellate brief does not comply with the required appellate rules. App.R. 16 provides in pertinent part:
"(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
"(2) A table of cases alphabetically arranged, statutes and other authorities cited * * *.
"(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
"(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
* * *
"(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(A)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 12} In this case, Appellant's brief does not contain a table of authorities, as she has not cited to any legal authority throughout the body of her brief. Although White does assert two separate assignments of error at the beginning of her brief, she does not indicate where in the record each error is reflected. White's "Statement of the Issues Presented" section of her brief only offers a puzzling combination of questions and statements which are not associated with her assignments of error in any way. Her brief contains a 10-page "Statement of the Facts" section, in which she narrates the course of the events in a long and rambling manner, but does not reference either of the assignments of error. Finally, the section entitled "Law and Argument," as required by App.R.16(A)(7) is blank.
 {¶ 13} "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor
(Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, App.R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremerv. Cox (1996), 114 Ohio App.3d 41, 60.
 {¶ 14} This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2). See, also, Smith v. Akron Dept. of PublicHealth, 9th Dist. No. 21103, 2003-Ohio-93. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. Western Reserve Mut. Ins. Co.
(Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 3. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). As White's argument fails to comply with the foregoing appellate and local rule requirements, she has failed to meet her burden on appeal.
 {¶ 15} Pursuant to App.R. 12(B) and 16(A)(7), an Appellate Court "may disregard an assignment of error `if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" Courie v. ALCOA, 162 Ohio App.3d 133,2005-Ohio-3483, at ¶ 17. White also fails to assert any separate arguments anywhere in the body of her brief.
 {¶ 16} We are unable to conclude that the trial court erred and find White's assignments of error are without merit. The judgment of the Lorain County Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Moore, J. concur.