DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sophia J.F. Hutchins, pro se, appeals from the decision of the Summit County Court of Common Pleas, which rendered a verdict for Appellee, FedEx Ground Package Systems Inc. ("FedEx"), and denied her the right to participate in the workers' compensation fund. We affirm.
 {¶ 2} Appellant was an employee of FedEx when she was injured during the course and scope of her employment on August 18, 2000. She filed a workers compensation claim for this injury, identified as Claim No. 00-525426, which was allowed for a lumbar strain. The treating physician diagnosed Appellant with a lumbar sprain/strain and she was released to continue working on restricted duty. On August 28, 2000, Appellant alleged she sustained another injury which exacerbated the previous injury. During this time, she was also undergoing physical therapy and sought treatment from a different doctor in September 2000.
 {¶ 3} On February 22, 2001, Appellant filed a motion requesting an additional allowance for a cervical sprain/strain. The Bureau of Workers Compensation ("BWC") referred the allowance to Industrial Commission ("IC") for a hearing. A hearing was conducted on May 30, 2001, by an IC District Hearing Officer, who ordered that Appellant's additional claim be disallowed. On June 8, 2001, Appellant appealed the District Hearing Officer's order, and an IC Staff Hearing Officer affirmed the previous order and denied the request for additional allowance of a cervical sprain/strain. The IC of Ohio mailed an order to Appellant on July 31, 2001, notifying Appellant she could appeal to the Court of Common pleas within 60 days of receipt of the order. Appellant filed an appeal of the IC's order with the Summit County Court of Common Pleas on September 28, 2001, which was designated as Case No. CV 2001-09-4695. Prior to trial, Appellant voluntarily dismissed her complaint. Her case was re-filed on August 4, 2003, which was then designated as Case No. CV 2003-08-4516. The issue on appeal was Appellant's right to participate in the workers' compensation fund for Claim No. 00-525426 for cervical sprain/strain.
 {¶ 4} On July 9, 2001, Appellant filed a motion with BWC in claim No. 00-525426 requesting an additional allowance for a claim for a herniated disc at L5-S1 and an aggravation of pre-existing degenerative disc disease at L5-S1. The BWC referred the issue to the IC for a hearing. The District Hearing Officer heard the matter on September 13, 2001, and granted Appellant's motion to allow the additional claims. Fed Ex appealed the District Hearing Officer's decision. The Staff Hearing Officer heard the matter on October 29, 2001, and affirmed the previous order granting the additional allowance of claim No. 00-525426 for herniated disc and aggravation of degenerative disc disease. FedEx again appealed in claim No. 00-525426, and the IC refused the appeal in an order mailed on November 30, 2001.
 {¶ 5} On January 22, 2002, FedEx appealed the IC's order to the Summit County Court of Common Pleas in Case No. CV 2002-01-0422. The complaint was voluntarily dismissed and timely re-filed in case No. CV 2003-10-6259. The issue on appeal was Appellant's right to participate in claim No. 00-525426 for herniated disc at L5-S1 and aggravation of pre-existing degenerative disc disease at L5-S1.
 {¶ 6} Case Nos. CV 2003-08-4516 and CV 2003-10-6259 were consolidated for trial, where a jury trial commenced on November 22, 2004. The jury concluded that Appellant was not entitled to participate in the Workers' Compensation fund for a cervical sprain/strain injury, a herniated disc L5-S1 injury, or for aggravation of degenerative disc disease L5-S1, as stated in the three verdict forms.
 {¶ 7} Following the jury trial, Appellant's counsel withdrew his representation and Appellant filed pro se motions for stay of execution and judgment notwithstanding the verdict in December 2004. Appellant subsequently appealed to this Court, but her appeal was denied on February 16, 2005, for lack of a final appealable order. Appellant then filed a pro se motion for default judgment on February 24, 2005.
 {¶ 8} On March 3, 2005, the trial court entered judgment in favor of FedEx and against Appellant, resulting in a final appealable order. The trial court stated that because Appellant's motion for judgment notwithstanding the verdict focused on the credentials of the physician who testified at trial, "[n]either the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon [this kind of motion]." The trial court went on to state the jury found Appellant was not entitled to participate in the Workers' Compensation Fund for cervical sprain/strain, for a herniated disc of L5-S1, or for aggravation of degenerative disc disease of L5-S1. Finally, the trial court denied Appellant's motions for judgment notwithstanding the verdict, stay of execution and default judgment.
 {¶ 9} Appellant then appealed again to this Court. In her brief, she asserts numerous complaints with the lower court's proceedings and the jury's verdict.
However, App.R. 16 provides in pertinent part:
"(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
"* * *
"(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
"* * *
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).
See, also, Loc.R. 7(A)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(A)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error."
 {¶ 10} Appellant's brief merely contains a section entitled "Statement of the Assignment of Errors" with ten numbered paragraphs asserting why Appellant is dissatisfied with what happened at the trial court level, including the performance of both her attorney and FedEx's attorney. She does not point to any place in the record where the trial court erred, and many of the paragraphs do not contain complete sentences. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. W.Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2;Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). Moreover, "[i]f an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone
(May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. As Appellant's argument fails to comply with the foregoing appellate and local rule requirements, she has failed to meet her burden on appeal.
 {¶ 11} Furthermore, App.R. 12 requires that an appellate court determine the merits of an appeal on the assignments of error which should designate the specific rulings that the appellant challenges. North Coast Cookies, Inc. v. SweetTemptations, Inc. (1984), 16 Ohio App.3d 342, at 343. In the instant case, Appellant has not challenged any specific portion of the lower court's ruling. Appellant neither states in her brief that the trial court erred, nor provides any legal support for any argument relating to an error of the trial court.
 {¶ 12} Pursuant to App.R. 12(b)(2) and 16(A)(7), an Appellate Court "may disregard an assignment of error `if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'"Courie v. ALCOA, 8th Dist. No. 85285, 2005-Ohio-3483, at ¶ 17, quoting App.R. 12(A)(2). Here, Appellant also fails to assert any separate arguments in the body of her brief.
 {¶ 13} Additionally, Appellant raises arguments throughout her brief which were not presented before the trial court. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." Holman v. Grandview Hosp. Med.Ctr. (1987), 37 Ohio App.3d 151, 157. Appellant's failure to raise these issues before the trial court operates as a waiver of her right to assert it for the first time on appeal. Hypabyssal,Ltd. v. Akron Hous. Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, at 5, citing State ex rel. Zollner v. Indus. Comm.
(1993), 66 Ohio St.3d 276, 278. See App.R. 12(A)(2) and App.R. 16(A)(7). However, "in the interests in fulfilling our appellate function," we find that all of Appellant's complaints are without merit. Courie, at ¶ 17.
 {¶ 14} We are unable to conclude that the trial court erred, and find Appellant's asserted complaints are without merit. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Carr, J., Concur.