DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Mark Dennie, his wife, Emily Dennie, and Ms. Dennie's aunt, Jeanette McClincey ("Appellants") appeal the decision of the Lorain County Court of Common Pleas, which granted a directed verdict in favor of appellee, Hurst Construction, Inc. ("Hurst") on their claims under the Consumer Sales Practices Act ("CSPA"). This Court affirms.
 I. {¶ 2} Appellants entered into a contract with Hurst for the renovation of a home in Lorain County, Ohio, on December 31, 2002. Appellants also entered into a verbal agreement with Accutech Designs, Ltd. ("Accutech") to provide *Page 2 
drawings for the renovation. Hurst began work on the home on or about March 26, 2003.
 {¶ 3} This litigation commenced on June 8, 2004. On June 9, 2004, Appellants filed an amended complaint against Hurst and Accutech alleging causes of action for negligence, breach of contract, violation of the CSPA, and breaches of warranty against Hurst. Prior to trial, Hurst unsuccessfully moved for summary judgment. In addition, Accutech entered into a settlement agreement with Appellants and was dismissed from the action. Prior to the trial commencing Hurst also moved for a directed verdict on the CSPA claims, which was denied by the trial court. At the close of Appellants' case-in-chief, Hurst moved for a directed verdict on all of Appellants' claims. The trial court granted Hurst's motion solely as to Appellants' CSPA claims. The jury rendered a verdict against Appellants and in favor of Hurst on its counterclaim in the amount of $1,120.00. Appellants timely appealed the trial court's granting of Hurst's motion for directed verdict as to the CSPA claims, setting forth four assignments of error. All assignments of error have been combined to facilitate this Court's review.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS WHEN IT DISMISSED PLAINTIFFS' CAUSES OF ACTION UNDER THE CONSUMER SALES PRACTICES ACT."
 ASSIGNMENT OF ERROR II *Page 3 
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS WHEN IT FAILED TO RENDER JUDGMENT IN FAVOR OF PLAINTIFFS ON PARAGRAPHS 31 AND 32 OF THE COMPLAINT."
 ASSIGNMENT OF ERROR III "THE TRIAL JUDGE ERRED IN ENGAGING IN AN OBVIOUS IMPROPRIETY, IN UNDERMINING CONFIDENCE IN THE COURT, AND IN FAILING TO RECUSE HIMSELF ALL TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS."
 ASSIGNMENT OF ERROR IV "DEFENDANT'S COUNSEL ACTED IMPROPERLY IN HIS CROSS EXAMINATION OF PLAINTIFF MCCLINCEY AND CHARACTERIZATION OF HER, AND THE TRIAL COURT ERRED IN PERMITTING SAID MISCONDUCT, ALL TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS."
 {¶ 4} In their first assignment of error, Appellants argue that the trial court erred in granting Hurst's motion for a directed verdict on their CSPA claims. In Appellants' second assignment of error, they argue that the trial court should have rendered judgment in their favor regarding paragraphs 31 and 32 of the amended complaint. Appellants argue in their third assignment of error that the trial court judge erred in refusing to recuse himself, causing them to suffer substantial prejudice. In their fourth assignment of error, Appellants contend that the trial court erred in allowing Hurst's counsel to continue with unfair and irrelevant questioning when cross examining Mrs. McClincey. For the reasons set forth below, Appellants' assignments of error are overruled. *Page 4 
 {¶ 5} An appellant "bears the burden of affirmatively demonstrating error [of the lower court] on appeal." Ohio Dept. of Taxation v.Tornichio, 9th Dist. No. 22592, 2005-Ohio-4800, at ¶ 7, quotingState v. Leach, 9th Dist. No. 22369, 2005-Ohio-2569, at ¶ 38. Consequently, Appellants are responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. Specifically, it is Appellants' duty to transmit the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 6} In the present matter, Appellants have failed to include a transcript of the proceedings before the lower court in the record, thus we cannot say that the trial court erred in granting Hurst's motion for a directed verdict. As the transcript is necessary for a determination of appellants' first, second, third, and fourth assignments of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. See id. Consequently, Appellants' assignments of error are overruled. *Page 5 
 III. {¶ 7} Appellants' assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellants. *Page 6 
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1