*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name:  08a0060p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

—————————

DARLINGTON AMADASU,

          *Plaintiff-Appellant,*

    *v.*

THE CHRIST HOSPITAL; THOMAS KEMME; DAVID
PARLATO; SHARON EVANS; JANET PATTERSON;
SHARYN MAKRANCY; HEALTH ALLIANCE OF
GREATER CINCINNATI, INC.; MICHAEL A. ROBERTS,

          *Defendants-Appellees.*

No. 07-3224

—————————

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 04-00456—Susan J. Dlott, District Judge.

Submitted:  January 4, 2008

Decided and Filed:  February 1, 2008

Before:  MARTIN and SUTTON, Circuit Judges; OBERDORFER, District Judge.[*]

—————————

## COUNSEL

**ON BRIEF:**  Harry J. Finke IV, GRAYDON, HEAD & RITCHEY, Cincinnati, Ohio, John C. Murdock, MURDOCK, GOLDENBERG, SCHNEIDER & GROH, Cincinnati, Ohio, for Appellees. Darlington Amadasu, Cincinnati, Ohio, pro se.

—————————

## OPINION

—————————

    BOYCE F. MARTIN, JR., Circuit Judge.  Darlington Amadasu, proceeding pro se, appeals a district court judgment dismissing his employment discrimination and civil rights action filed pursuant to Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d & 2000e; the Age Discrimination in Employment Act, 29 U.S.C. § 623; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213; 42 U.S.C. §§ 1981, 1985, and 1986; and state law.  This case has been referred to a

---

    [*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On July 12, 2004, Amadasu filed a complaint against The Christ Hospital; Thomas Kemme, David Parlato, and Sharon Evans, the hospital employees; The Health Alliance of Greater Cincinnati, Incorporated; Janet Patterson and Sharyn Makrancy, Alliance employees; and Michael A. Roberts. Roberts, an attorney, represented the hospital, Alliance, Kemme, and Parlato in a prior suit filed against them by Amadasu.

Amadasu alleged that he was employed by the hospital from July 10, 2000, until the termination of his employment on August 1, 2000. Following the termination of his employment, Amadasu "repeatedly and continuously" applied for "open job positions" at the hospital and within Alliance "from August 2000 to the present." Amadasu alleged that, although he was qualified for the available positions for which he applied, his applications were "continuously declined."

On May 8, 2001, Amadasu filed an employment discrimination and civil rights complaint against Alliance, the hospital, Kemme, and Parlato in the United States District Court for Southern Ohio. In that action, Amadasu alleged that during his employment with the hospital, he was discriminated against and subjected to harassment because of his age, race, national origin, and disability; his employment at the hospital was terminated because of his race, national origin, age, and disability; the termination of his employment was retaliatory; and the defendants violated the First, Fifth, and Fourteenth Amendments as well as various state laws during the course of his employment and post-termination. On August 16, 2004, the district court entered judgment in favor of the defendants. This court affirmed the district court's judgment on November 7, 2005.

During the pendency of the litigation initiated in 2001, Amadasu filed the present proceeding in which he alleged that the defendants discriminated against him based upon his age, gender, race, and national origin and retaliated against him by terminating his employment on August 1, 2000, and by failing to hire him for any available positions for which he applied following the termination of his employment. Amadasu also alleged that the defendants conspired to deprive him of his civil rights and engaged in various "litigation and discovery abuses" during the prior lawsuit that he filed in 2001 and violated several state laws. Amadasu sought monetary and equitable relief.

The defendants filed Fed. R. Civ. P. 12(b)(6) motions to dismiss and Amadasu filed a motion for judgment on the pleadings and for summary judgment with respect to the claims asserted against Roberts. A magistrate judge filed reports recommending granting the defendants' motions and denying Amadasu's motion. Over Amadasu's objections, the district court granted the defendants' motions to dismiss and denied Amadasu's motion for judgment on the pleadings and for summary judgment. Amadasu filed a timely appeal. He requests oral argument in his appellate brief.

The district court's dismissal of a suit pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo. *See Lepard v. NBD Bank, a Div. of Bank One*, 384 F.3d 232, 235 (6th Cir. 2004); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109.

Here, we conclude the district court properly dismissed Amadasu's complaint because it failed to state a claim upon which relief could have been granted. Amadasu's employment discrimination and civil rights claims based upon the termination of his employment in August 2000 are barred by res judicata. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). The present case is barred because:

1) the 2001 federal civil action and the present action involve the same parties - Amadasu, the hospital, Kemme, Parlato, and Alliance. (Here he identifies three additional hospital and Alliance employees, as well as Roberts); 2) both proceedings are based upon and arise out of the same facts, namely Amadasu's employment with the hospital and the termination of his employment; 3) the prior action was adjudicated on the merits; and 4) the present case involves issues that were or could have been raised and litigated in the prior action. *See Kane*, 71 F.3d at 560.

Amadasu also failed to state a claim under § 1985. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). Amadasu offered nothing more than the conclusory allegation that the defendants acted in concert and, without more, failed to allege a sufficient factual basis to establish any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights. In addition, Amadasu's § 1985 claim is barred by the "'intracorporate conspiracy' doctrine," which provides that where "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991). Here, the individual defendants were acting within the scope of their employment and all of the defendants were acting as a collective entity to defend against Amadasu's prior civil action. While Roberts is not an employee of the hospital or Alliance, he acted as their agent and was part of the collective entity when providing legal representation in the prior action. *See Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

Amadasu also failed to state a § 1986 claim. Amadasu's failure to state a claim for relief under § 1985 is fatal to his claims brought pursuant to § 1986 because a § 1986 claim is dependent upon a viable § 1985 claim. *See Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000); *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994).

Amadasu's claims against the defendants for breach of federal contracts, "aiding and abetting" and various tortious "litigation and discovery abuses" are merely conclusory statements. Amadasu also failed to state a claim for "interference with contractual relations and economic advantage" under Ohio law. *See Courie v. ALCOA*, 832 N.E.2d 1230, 1237-38 (Ohio Ct. App. 2005).

Amadasu's motion to amend his complaint was also properly denied. He purported to file an "amended complaint" after some of the defendants had filed their answer. Amadasu could then amend his complaint only with leave of court or written consent of the defendants. *See* Fed. R. Civ. P. 15(a); *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993). Because the proposed amended complaint was futile, the magistrate judge properly denied Amadasu leave to file his amended complaint. *See Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).

Finally, a hearing regarding the judicial notice taken by the magistrate judge as to the "integrated enterprise established" between Alliance and the hospital was not required. Federal Rule of Evidence 201(e) does not require "under all circumstances, a formal hearing." *American Stores Co. v. Comm'r of Internal Revenue*, 170 F.3d 1267, 1271 (10th Cir. 1999). Since Amadasu had an opportunity to be heard on the issue of judicial notice through the filing of his objections to the magistrate judge's report and recommendation and the filing of his request for a hearing, a formal hearing was not necessary in this case.

Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.