DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Barbara Stevens, appeals the order of the Akron Municipal Court, awarding Appellee, Alexandra Hull, Esq., $3,137.50 in unpaid legal fees. We affirm.
 {¶ 2} The underlying case was commenced on August 21, 2003, when Appellee filed a complaint for money due on Appellant's account. Appellee voluntarily dismissed the action on December 18, 2003, and re-filed it on December 17, 2004. The matter proceeded to trial on August 3, 2005.
 {¶ 3} The trial court thereafter awarded $3,137.50 to Appellee representing money owed to her by Appellant. Appellant now appeals, asserting three assignments of error for our review. To facilitate ease of discussion, we will consider all three of Appellant's assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court committed reversible error in ruling that the client owed the attorney $1837.50 for 49 phone calls at $150.00 per hour, above and beyond the parties' $2500.00 flat fee contract amount."
 ASSIGNMENT OF ERROR II
"The trial court committed reversible error in ruling that the client owed a $1300.00 balance to the attorney on the parties' $2500.00 flat fee contract, after the attorney unilaterally terminated the contract."
 ASSIGNMENT OF ERROR III
"The trial court committed reversible error in refusing to hold a hearing to determine the client's legal fees or award legal fees under Ohio Civ.R. 37(A)(4), after the client successfully obtained an order to compel the attorney to comply with the client's lawful discovery requests."
 {¶ 4} In Appellant's first and second assignments of error, she is contesting the trial court's decision to award $3,137.50 to Appellee. Specifically, Appellant is arguing that the trial court erred in awarding $1,300.00, which was the balance due under the initial flat fee contract, that it was in error to find that 49 phone calls constituted an extraordinary event, and that a fee of $150.00 per hour was reasonable. We affirm.
 {¶ 5} In Appellant's third assignment of error, she claims that the trial court erred in failing to award legal fees on her behalf. We disagree, and affirm the decision of the trial court.
 {¶ 6} On April 26, 2001, Appellant entered into a contract with Appellee wherein Appellee was hired to represent Appellant in a domestic matter. The contract signed by Appellant stated that the cost of representation would be approximately $2,500.00, but that it was the "likely cost based upon the non-occurrence of extraordinary events." Appellant signed the contract which stipulated: "I understand that extraordinary events will result in an increase in the `likely cost of representation' noted above."
 {¶ 7} Appellant, under the contract that she had signed, was to pay $1,000.00 as the first installment payment and $100.00 a month thereafter until the $2,500.00 was paid in full. Appellant made the initial $1000.00 payment, but failed to make timely subsequent payments. On June 27, 2001, Appellee sent Appellant a letter reminding her that no payment had been made pursuant to their agreement and that Appellant's account was delinquent. An invoice was attached to the letter stating that a charge of $2,137.50 had been incurred for "57 phone calls between 4/26/2001 and 6/25/2001 with or from client in excess of an ordinary case. Calls billed at .25 hour per call even though many of the calls were longer than 15 minutes." On July 16, 2001, Appellant made a payment to Appellee in the amount of $200.00, and failed thereafter to make any additional payments, leaving a $1,300.00 delinquency on her account.
 {¶ 8} Appellee filed a motion to withdraw her representation of Appellant on August 16, 2001. On August 21, 2001, Appellee attended a hearing on the juvenile matter on behalf of Appellant, and due to Appellee's continued representation of Appellant, Appellant was granted a favorable outcome in the underlying domestic matter.
 {¶ 9} Appellee sent Appellant numerous letters stating that the initial flat fee agreement had been revoked, and that Appellant owed Appellee a balance of $8,800 on her account. The $8,800 included the remainder owed under the initial contract; $1,300, $2,137.50 for excessive phone calls, and a total of $5,362.50 as fees for an additional retainer. Appellant failed to make any payments.
 {¶ 10} Appellee eventually filed a complaint to recover money owed. After conducting a hearing on the matter, the trial court awarded Appellee the remainder owed under the initial flat fee agreement, $1,300.00 plus $1,837.50 for 49 phone calls. Appellant now appeals the trial court's award.
 {¶ 11} As an initial matter, this Court must address the issues regarding the record on appeal. App.R. 9(B) states in relevant part:
"At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
Pursuant to App.R. 12(A)(1)(b), this Court is limited to determining the appeal on the record as provided in App.R. 9.
 {¶ 12} An appellant "bears the burden of affirmatively demonstrating error [of the lower court] on appeal." Ohio Dept.of Taxation v. Tornichio, 9th Dist. No. 22592, 2005-Ohio-4800, at ¶ 7, quoting State v. Leach, 9th Dist. No. 22369,2005-Ohio-2569, at ¶ 38. Consequently, Appellant is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314. Specifically, it is Appellant's duty to transmit the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" Cuyahoga Falls v.James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quotingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 13} In the case at hand, Appellant has failed to include a transcript of the proceedings before the lower court in the record, thus we cannot say that the trial court's findings of fact are unsupported by evidence in the record. As the transcript is necessary for a determination of appellant's assignments of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. See Id.
 {¶ 14} Appellant's three assignments of error are overruled and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. concurs.