OPINION
{¶ 1} On May 3, 2005, the Stark County Grand Jury indicted appellant, Choyce Isles, on one count of possession of cocaine in violation of R.C. 2925.11. Said charge arose from the discovery of cocaine on the floor of a vehicle wherein appellant was a passenger.
 {¶ 2} On May 23, 2005, appellant filed a motion to suppress, claiming an unreasonable search and the lack of Miranda
warnings. A hearing was held on June 1, 2005. The trial court granted the motion in part, suppressing some of appellant's statements made to the police.
 {¶ 3} A bench trial commenced on June 24, 2005. By journal entry filed July 13, 2005, the trial court found appellant guilty and sentenced him to eleven months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 II {¶ 6} "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 III {¶ 7} "THE TRIAL COURT ERRED IN ADMITTING EVIDENCE WHICH WAS UNFAIRLY PREJUDICIAL."
 IV {¶ 8} "THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."
 V {¶ 9} "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO EXERCIZE (SIC) A PEREMPTORY CHALLENGE IN VIOLATION OF BATSON V.KENTUCKY."
 I {¶ 10} Appellant claims the trial court erred in denying his motion to suppress as to the unreasonable search. We agree.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 12} Appellant argues the facts leading up to his search were so "innocuous by themselves, or too skeletal and ambiguous to create any reasonable suspicion" of criminal behavior. Appellant's Brief at 5, citing State v. Barrow (1971),60 Ohio App. 442.
 {¶ 13} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 14} The facts surrounding appellant's claim of an unreasonable search are as follows. Canton Police Officer Robert Smith testified he and his partner were patrolling the 1000 block of Third Street, NW in Canton, Ohio. June 1, 2005 T. at 7. This area "was a known drug area." Id. at 8, 12. Officer Smith observed a large white Lincoln Town Car with its parking lights on parked on the side of the road. Id. at 8. There were two individuals in the vehicle and a third individual "who was outside of the vehicle on the street leaning in talking to the driver." Id. As Officer Smith approached the vehicle, the individual on the street walked away from the vehicle. Id. Officer Smith asked the individual his identity to which the gentleman responded "Ernest Isles." Id. Mr. Isles told Officer Smith he did not know any of the individuals in the vehicle. Id. at 9. Officer Smith then asked the passenger of the vehicle, appellant, whether he knew Mr. Isles. Id. Appellant responded in the affirmative, stating Mr. Isles was his cousin. Id. Officer Smith handcuffed Mr. Isles and placed him in the cruiser. Id. Thereafter, Officer Smith returned to the parked vehicle and asked appellant his name. Appellant "identified himself as Kenneth Isles."[1] Id. He told Officer Smith he was "42" and was born in "62."[2] Id. at 9-10. Because the numbers didn't match up, Officer Smith asked appellant to step out of the vehicle. Id. at 10. Officer Smith conducted a pat down search for weapons, and checked appellant's pockets with his permission. Id. Officer Smith discovered a crack pipe in his right front pants pocket and placed him under arrest. Id.
 {¶ 15} The trial court's decision is found in the transcript of the suppression hearing. The trial court concluded the vehicle appellant was in was stopped and there "is no evidence that the car could not have left." Id. at 36. The trial court found the information given to police by Mr. Isles did not correspond to "subsequent information obtained, now we got a situation where wait a minute, not everything is adding up, and now we have got a reasonable suspicion." Id.
 {¶ 16} The basis for the suspicion was the false information given by Mr. Isles, a third party who was not indicted in this case. Mr. Isles, although related to appellant, was unrelated to the search of appellant. Mr. Isles's lie or misinformation to the police cannot be impugned to appellant. When questioned by the police, appellant identified himself, albeit incorrectly, and was cooperative. Id. at 9-10. There was no action on appellant's part that could lead to reasonable suspicion of criminal behavior. Appellant's only act was to identify himself and admit Mr. Isles was his cousin. Id. at 9. At this point, the consensual encounter should have ceased. There was no reason to further detain appellant after verifying his identity. The police had the right to approach the vehicle and ask appellant for identification, but absent something else, should have stopped the inquiry. We are unable to take these facts and make a quantum leap to reasonable suspicion.
 {¶ 17} The fact that it was 3:00 a.m. in a drug area does not impact our discussion on appellant's apparent innocuous behavior. To impugn criminal behavior simply by being in an area known for drug activity would be beyond the pale.
 {¶ 18} Upon review, we find the trial court erred in denying appellant's motion to suppress as to the unreasonable search.
 {¶ 19} Assignment of Error I is granted.
 II, III, IV, V {¶ 20} Based upon our decision in Assignment of Error I, these assignments are moot.
 {¶ 21} The decision of the Court of Common Pleas of Stark County, Ohio is hereby reversed and the conviction is vacated.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the conviction is vacated.
[1] "Kenneth Isles" was later identified as appellant, "Choyce Isles." Id. at 11.
[2] Officer Smith later testified appellant stated his age was "41." Id. at 10, 13.