OPINION
{¶ 1} The defendant-appellant, Richard Hohman ("Hohman"), appeals the April 26, 2006 and May 25, 2006, Judgments of the Common Pleas Court of Shelby County, Ohio denying summary judgment for Hohman and declining to order the relief requested in his counterclaim and dismissing it with prejudice, respectively.
 {¶ 2} This lawsuit arises from the death of Vivian Hohman, the wife of Richard Hohman. On June 16, 2001, Vivian Hohman was struck by a vehicle while crossing a road in Puerto Rico, and died that same day. Hohman claims that he is entitled to uninsured/underinsured motorist (UM/UIM) coverage under the umbrella automobile insurance policy that he signed with Motorists Mutual Insurance Company ("MMI") on January 18, 2001 to be effective on February 1, 2001.
 {¶ 3} On June 9, 2003, MMI filed a complaint for Declaratory Judgment in the Common Pleas Court of Montgomery County, Ohio. On June 16, 2003, Hohman filed his Answer and Counterclaim with a jury demand. He also filed a change of venue, which was granted by the Common Pleas Court of Montgomery County, Ohio and transferred to the Common Pleas Court of Shelby County, Ohio on August 26, 2003.
 {¶ 4} On September 17, 2003, Hohman filed a Motion for Summary Judgment. MMI responded with a Memorandum in Opposition and a Cross-Motion for Summary Judgment. Hohman responded and also moved the trial court to defer its ruling. On January 7, 2004, the trial court issued a Decision Order-Entry granting MMI's Motion for Summary Judgment and denying Hohman's Motion for Summary Judgment.
 {¶ 5} On February 5, 2004, Hohman filed a Notice of Appeal with this Court and on July 26, 2004, this Court issued a Journal Entry and Opinion reversing the judgment of the trial court and remanding the case back to the trial court for further proceedings. On September 8, 2004, MMI filed a Notice of Appeal of this Court's July 26, 2004 Journal Entry and Opinion and its Memorandum in Support of Jurisdiction with the Supreme Court of Ohio. The Supreme Court of Ohio accepted the appeal of MMI and ordered all briefing in the matter held until a decision inHollon v. Clary, 2003-Ohio-5734, was rendered. On March 2, 2005, the Supreme Court of Ohio issued its Journal Entry reversing this Court's judgment on the authority of Hollon v. Clary (2004), 104 Ohio St.3d 526,2004-Ohio-6772. In Hollon, the Supreme Court of Ohio agreed with MMI's initial motion, holding that, once a signed rejection is produced, evidence establishing that the offer was Linko-compliant may be established by extrinsic evidence. Id. at syllabus.
 {¶ 6} On January 23, 2006, Hohman and MMI filed an Agreed Order with the trial court bifurcating the insurance coverage issue from the wrongful death and survival claims. On March 26, 2003, Hohman filed a second Motion for Summary Judgment with the trial court, again requesting the trial court to declare that he was entitled to UM/UIM coverage under the umbrella policy in question. MMI responded with a Memorandum in Opposition and Hohman replied. On April 26, 2006, the trial court denied Hohman's Motion for Summary Judgment.
 {¶ 7} On April 28, 2006, Hohman filed a Motion for Stay with the trial court. On May 1, 2006, MMI filed a Memorandum Contra Motion for Stay and on May 2, 2006, the trial court issued an Order Entry denying Hohman's Motion for Stay.
 {¶ 8} A jury trial on the issue of insurance coverage took place on May 10, 2006. The jury found by a preponderance of the evidence that Motorists had made a valid offer of UM/UIM coverage, compliant with theLinko requirements. Thus, the jury found in favor of MMI and on May 25, 2006, the trial court issued its Judgment Entry in favor of MMI.
 {¶ 9} On June 21, 2006, Hohman filed a notice of appeal raising the following assignments of error:
 Assignment of Error I THE TRIAL COURT ERRED WHEN IT FOUND THERE WERE ISSUES OF FACT REGARDING THE ISSUE OF COMPLIANCE WITH THE Linko REQUIREMENTS BY PLAINTIFF'S AGENT JENNIFER MURPHY AND DENIED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 Assignment of Error II THE TRIAL COURT ERRED WHEN IT DID NOT INCLUDE A PROPER DEFINITION OF "DAMAGES" RECOVERABLE UNDER UNINSURED/UNDERINSURED MOTORISTS COVERAGE IN ITS INSTRUCTIONS TO THE JURY PRIOR TO ITS DELIBERATION.
 Summary Judgment Standard {¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R.56(C). Summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Id. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-moving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360.
 {¶ 11} The party moving for summary judgment bears the initial burden of identifying and providing the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 116. In addition, the moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party establishes that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence and set forth specific facts showing that there is still a genuine issue of fact for the trial. Civ.R.56(E).
 Statutory and Case Law {¶ 12} R.C. 3937.18(A) in effect as of January 18, 2001, the date on which the rejection in this case was signed, stated:
 No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
 (1) Uninsured motorist coverage,* * *
 (2) Underinsured motorist coverage, * * *
 {¶ 13} The Supreme Court of Ohio in Linko v. Indemnity Ins. Co. ofNorth America (2000), 90 Ohio St.3d 445, addressed what constitutes a valid offer of uninsured/underinsured motorist coverage and what constitutes an express and knowing rejection of the same under R.C.3937.18(C). The Linko decision required the offer for uninsured/underinsured motorist coverage be in writing and include a brief description of coverage, a stated premium for that coverage, and an express statement of the uninsured/underinsured motorist coverage limits.
 {¶ 14} In Hollon v. Clary (2004), 104 Ohio St.3d 526, the Supreme Court of Ohio drastically changed which evidence can be considered by a court in determining whether a valid rejection of uninsured/underinsured motorist coverage had occurred. Specifically, evidence of the offer no longer had to be included in the rejection form; rather, evidence of the offer of uninsured/underinsured motorist coverage could be shown with extrinsic evidence.
 {¶ 15} Furthermore, the Hollon case defined what constituted a "meaningful offer" as follows:
 The Linko requirements are a means to an end. They were chosen to insure that insurers make meaningful offers. A "meaningful offer" is "an offer that is an offer in substance and not just in name" that "allow[s] an insured to make an express, knowing rejection of [UM/UIM] coverage." (Citations omitted.) Though Twin City's written offer, per se, did not satisfy all the Linko requirements, we will not elevate form over substance or ignore the expressed intent of the parties to a contract.
Hollon, at 529. In Hollon, Twin City's offer did not state the applicable premiums, but the offer did describe the coverage and expressly stated the coverage limits. Hollon, at 527. However, the employer's co-owner stated that before signing the rejection forms of UM/UIM coverage, he was aware of the applicable premiums and understood he was rejecting UM/UIM coverage in its entirety. Id.
 {¶ 16} In this case, Hohman alleges in his first assignment of error that the trial court erred in denying summary judgment based on the affidavit of Ms. Jennifer Murphy-Davidson ("Davidson"), the licensed insurance agent at Heinfeld Insurance who assisted Hohman on January 18, 2001. He asserts that her second affidavit filed on March 31, 2006 conflicted with her testimony provided in a deposition on February 27, 2006 and her previous statement on March 5, 2003.
 {¶ 17} Davidson was questioned during her deposition taken on March 5, 2003 regarding what she would tell a client that has rejected UM/UIM coverage. March 5, 2003, Davidson Depo. at 7-8. She responded, "I would tell them okay, since you have rejected this coverage, that, you would not have any coverage yourself due to any medical that you may incur as a result of that accident if that person is uninsured or underinsured underneath that coverage." Id. In addition, at Davidson's deposition on February 27, 2006, she was asked if she was familiar with UM/UIM coverage in January 2001. February 27, 2006, Davidson Depo. at 17-18. She responded, "Yes, sir." Id. She was then asked to explain UM/UIM coverage. Id. She stated, "Uninsured/underinsured pays medical only." Id.
 {¶ 18} Furthermore, in her affidavit filed on March 31, 2006, she testified that she informs clients that the scope of UM/UIM coverage "pays medical, but does not pay property damage. I further explain that this means the policy would cover damages and injuries to the insured, but would not cover damage to the insured's vehicle." March 31, 2006, Davidson Affidavit, ¶ 6. She also stated that on January 18, 2001, she informed Hohman that the UM/UIM coverage "would apply to all damages associated with personal injury suffered by an insured on the policy." Id. at ¶ 12.
 {¶ 19} In Byrd v. Smith (2006), 110 Ohio St.3d 24, 2006-Ohio-3455, the Supreme Court of Ohio held that the "trial court must consider whether an affidavit contradicts or merely supplements the deposition."Byrd, 110 Ohio St.3d
24, paragraph one of the syllabus. In addition, the Supreme Court of Ohio stated that "an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment." Byrd, 110 Ohio St.3d 24, paragraph three of the syllabus.
 {¶ 20} Upon a review of the record, we find that the statement made by Davidson in her March 31, 2006 affidavit was not inconsistent with her deposition testimony. Rather, we believe that it supplements the record by establishing more specifically what she meant when she stated that "Uninsured/underinsured pays medical only." Furthermore, we find that the trial court did consider whether the affidavit contradicted or supplemented the deposition by establishing in its April 26, 2006, Decision Order-Entry that "there still exists in this case issues of material fact regarding Ms. Murphy's explanation of uninsured/underinsured benefits," because "the triar [sic] of fact must decide this issue only after both parties have had a full opportunity to examine Ms. Murphy under oath regarding her full explanation of how she explained uninsured/underinsured coverage to the Defendant." Therefore, the trial court did consider the different forms of testimony provided by Davidson and established that there was a sufficient explanation to establish a genuine issue of material fact to defeat the motion for summary judgment.
 {¶ 21} Hohman also alleges that Davidson's affidavit was not based on personal knowledge and should not have been considered by the trial court. He claims that Davidson made statements that she did not recall specific portions of her conversation with Hohman then later in her affidavit stated some specific portions of conversation that she had with Hohman.
 {¶ 22} Pursuant to Civ.R. 56(E), "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "'Personal knowledge' is defined as: `[k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay.'" Brannon v. Rinzler (1991),77 Ohio App.3d 749, 756, 603 N.E.2d 1049, quoting Black's Law Dictionary. Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E). Smith v. Board of Cuyahoga Cty. Commrs., Cuyahoga App. No. 86482, 2006-Ohio-1073, at ¶ 40. Furthermore, the trial court must construe all evidence in a light most favorable to the non-moving party when ruling on a motion for summary judgment. Civ.R. 56(E).
 {¶ 23} In this case, Davidson averred that her September 22, 2003 affidavit and her March 31, 2006 affidavit were made on personal knowledge. In addition, Davidson discussed the September 22, 2003 affidavit in her March 5, 2003 deposition. Specifically, she recalled calling Hohman before he came into the office on January 18, 2001 to offer him an umbrella policy. She also recalled the explanation she gave him regarding the limits and provisions of the umbrella policy during their January 18, 2001 meeting. She stated that when she explained the UM/UIM coverage to him, he understood. She also recalled that Hohman wanted the umbrella policy to be effective February 1, 2001, instead of January 18, 2001 because he wanted it to be effective on the same date as his auto policy. Therefore, we find that her March 31, 2006 affidavit was based on personal knowledge and should have been considered by the trial court. Accordingly, Hohman's first assignment of error is overruled.
 {¶ 24} In his second assignment of error, Hohman alleges that the trial court erred when it failed to include a proper definition of "damages" to the jury regarding the uninsured/underinsured motorist coverage. The trial court's instruction as to damages recoverable under UM/UIM coverage provided:
 The damages recoverable by law pursuant to uninsured/underinsured motorists coverage include all damages that could be recovered against a person at fault."
 {¶ 25} He claims that the trial court should have included his proposed language that described the damages to "include such matters as medical bills, lost wages, pain and suffering, and damages for wrongful death." However, we note at the outset that Hohman failed to include a trial transcript as part of the record on appeal.
 {¶ 26} When reviewing a trial court's jury instruction, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. Jury instructions are reviewed in their entirety to determine if they contain prejudicial error. State v. Porter (1968), 14 Ohio St.2d 10,235 N.E.2d 520.
 {¶ 27} Pursuant to App.R. 9(B),
 At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * *
The burden is on the appellant, who is claiming error in the proceedings below, to provide the appellate court with a transcript of the proceedings. App.R. 9(B). Absent a complete and adequate record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." Hartt v.Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617; State v.Pringle, Auglaize App. No. 2-03-12, 2003-Ohio-4235, ¶ 10.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384; see also Crane v. Perry Cty. Bd. of Elections (2005),107 Ohio St.3d 287, ¶ 37 (If the appellant fails to ensure that the transcript includes all relevant evidence pertaining to the issues raised on appeal, the appellate court will assume that the evidence (omitted from the transcript) supported the trial court's factual findings.)
 {¶ 28} In our view, the proper appellate review of a jury instruction, such as the one raised in this case, can only be made in the context of the complete evidentiary record of the trial. In the absence of a complete trial transcript, we will presume the validity of the jury instruction, which does not otherwise appear to be anything other than a correct statement of the law, consistent with the foregoing authorities. Therefore, Hohman's second assignment of error is overruled.
 {¶ 29} For the foregoing reasons, we find that the trial court did not err in denying Hohman's Motion for Summary Judgment nor did it err in providing jury instructions providing a proper definition of "damages." Accordingly, Hohman's two assignments of error are overruled. Having found no error prejudicial to the appellant herein, in the particulars assigned and argued the judgment of the Common Pleas Court of Shelby County, Ohio is hereby affirmed.
Judgment affirmed.
 ROGERS, P.J., and WALTERS, J., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)